### *SILVA & CO vs. LAFAYE.*

**APPEAL FROM THE COURT OF THE FIRST DISTRICT.**

Where a continuance is prayed for, owing to the want of a return to the
commission which issued seventeen months before, the affidavit should
state the causes which led to the failure and the probable grounds of there-
after obtaining the testimony sought.

A policy of insurance is good evidence to show the fact of the vessel ha-
ving been insured but furnishes no proof as to her value.

The plaintiffs effected insurance upon their vessel charter-
ed to the defendant for a voyage from New-Orleans to St.
Jago Veraguas, and from thence back to the port *a quo.*   The
petition charged, that the voyage was deviated from and
the vessel lost, by which breach of contract, the plaintiffs
had lost their recourse upon the Insurance Company, and
the defendant had become liable to pay the value of the ves_
sel.   The claim was resisted by the defendant, on the ground,
that the vessel was represented as sea worthy, when, in fact,
she was not so.   That she encountered tempestuous whea-
ther and leaked badly, which forced the captain to put into
Grand Cayman Island, where a survey was held and the ves-
sel condemned.

The deviation from the voyage agreed upon—the loss of
the vessel, and the fact of her being well found and seawor-
thy at the commencement of the voyage, was fully establish-

ed by the testimony.   There was a verdict and judgment for
the plaintiff, and the defendant appealed.

> *Cannon* for appellant.
>
> *Preston* for appellee.

*Porter*, *J.*, delivered the opinion of the court.

This is an action on the contract of charter party.   The plaintiffs allege the defendant did not use the vessel for the voyage agreed on, and for which, with his knowledge, she was insured.   That by the deviation, and delay attendant on it, the schooner was lost, and the plaintiffs deprived of all recourse on the Insurance Company.

The defendant pleaded the general issue ; and further, that the deviation alluded to in the petition, was produced by the vessel being decayed and ill found, and that her subsequent loss, was owing to the same cause.

The case was submitted to a jury in the court below, who found a verdict in favor of the plaintiffs, for fourteen hundred dollars, with interest.   The defendant appealed.

A continuance was prayed for in the court below, on the affidavit of the defendant's agent—that from the non return to the commissions forwarded by him to the Grand Cayman and Porto Bello, he could not go safely to trial: that he expected to prove by them the decayed state of the vessel, and that the affidavit was made to obtain justice and not with a view to improper delay.

The petition was filed on the 10th November, 1828, and the answer on the 12th December of the same year, a few days after the commissions spoken of in the affidavit, were taken out, and the cause was called for trial on the 30th of May, 1830.

It appears to us that after a delay of seventeen months, the court did not err in refusing the continuance.   The causes which led to the failure of obtaining a return to the commission, and the probable grounds of getting hereafte

Where a continuance is prayed for, owing to the want of a return to a commission which issued sev-

Eastern District,
*February*, 1831

SILVA ET AL.
*vs.*
LAFAYE.

———————
enteen months before, the affidavit should state the causes which led to the failure, and the probable grounds of thereafter obtaining the testimony sought

A policy of insurance is good evidence to show the fact of the vessel having been insured, but furnishes no proof as to her value.

the testimony sought for should have been presented in the affidavit, for the court, not the party, is to judge of the dilligence used.

The plaintiffs introduced the policy of insurance in evidence, and the defendant objected to it, because it did not sufficiently appear, the same vessel was insured for which this suit is brought, and because the value therein given to the schooner could not be evidence against him.

The plaintiffs disclaimed all intention of offering the document for the purpose last mentioned, but insisted it was good evidence to shew the fact of the schooner being insured; of this opinion was the judge below, and such is the opinion of this court. The description given in both instruments, viz.: the charter party, and the policy, convinces us that the same vessel was the object of contract in both.

On the merits, we see no ground to differ from the conclusion of the court and jury below. To shew that they erred, reliance has been principally placed on a discrepancy between the copy of the charter party produced by the plaintiffs, and that read in evidence by the defendants. The contradiction exhibited by these instruments, places the court under the necessity of deciding, whether there has been an interlineation in the one, or an omission in the other. As the former could not have taken place without fraud, and as the latter may have been by error, we prefer giving credit to the instrument introduced by the plaintiffs, more especially, as the other evidence in the cause corroborates the truth of it.

It is, therefore, ordered, adjudged and decreed. that the judgment of the District Court be affirmed with costs.